IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JOEL CASTRO-GAXIOLA,        )
                           )
        Movant,            )
                           )    Civil No. 09-0277-CV-W-ODS-P
vs.                        )    Crim. No. 05-0132-02-CR-W-ODS
                           )
UNITED STATES OF AMERICA,  )
                           )
        Respondent.        )


ORDER AND OPINION
DENYING MOTION FOR POSTCONVICTION RELIEF

Pending are Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or
Correct Sentence by a Person in Federal Custody (Doc. # 5), Movant's Motion to
Equitable Toll the Statute of Limitations for the Filing of 28 U.S.C. § 2255 (Doc # 2), and
Respondent's Motion to Dismiss Movant's § 2255 Motion as Untimely (Doc. # 13).  The
Court concludes Movant's § 2255 motion is untimely.  Movant's motion for equitable
tolling is denied and Respondent's motion to dismiss is granted.


*I.  BACKGROUND*


On November 30, 2005, a jury convicted Movant of conspiracy to distribute 50
grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A),
and 846; aiding and abetting with intent to distribute 50 grams or more of
methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2;
travel in interstate commerce to distribute methamphetamine in violation of 18 U.S.C. §§
2 and 1952(a)(3); and illegal re-entry by an alien after having been deported in violation
of 8 U.S.C. § 1326(a).  On May 2, 2006, this Court sentenced Movant to a controlling

1

term of 151 months' imprisonment.

The Court of Appeals affirmed Movant's conviction and sentence. *See United States v. Castro-Gaxiola*, 479 F.3d 579 (8th Cir. 2007). Movant filed a petition seeking a writ of certiorari, which the Supreme Court denied on October 9, 2007. *See Castro-Gaxiola v. United States*, 128 S.Ct. 430 (2007).

According to Movant's motion for equitable tolling filed in this case, he took no steps toward applying for § 2255 postconviction relief until July 2008. Although Movant offers no explanation for this delay, a document filed in a prior postconviction proceeding[1] attributes the delay to a former prison inmate (a "jail house lawyer") who allegedly failed to prepare Movant's postconviction motion as promised. After waiting for and not receiving a response from the former inmate during the first half of 2008, Movant submitted an authorization form to his prison counselor so his family could send him a copy of a case file compiled by the attorney who represented him in his direct proceedings (Cenobio Lozano, Jr.). Movant claims that several weeks passed before he learned that the prison inadvertently lost or misplaced the authorization form. Movant allegedly completed another form and the prison finally received his case file on December 15, 2008. Movant attempted to file a motion for equitable tolling in January 2009, only to have the case dismissed for failure to actually file a postconviction motion conferring jurisdiction on the Court.[2] Movant finally filed a § 2255 motion in this proceeding on April 6, 2009, approximately 18 months after the Supreme Court denied his Petition for a Writ of Certiorari.

---

[1] (Case No. 09-0024-CV-W-ODS-P, Doc. # 1). The Eighth Circuit has held that a federal district court considering a habeas petition was permitted to take judicial notice of other habeas proceedings instituted by a Movant. *See Hood v. United States.*, 152 F.2d 431, 435 (8th Cir. 1946).

[2] This is the postconviction proceeding referenced in note 1.

*II. DISCUSSION*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed, among other things, a 1-year statute of limitations on motions by prisoners seeking to modify, vacate or correct their federal sentences. *Johnson v. United States*, 544 U.S. 295, 299 (2005). The 1-year time limitation for a § 2255 motion generally begins to run on the date the prisoner's judgment of conviction becomes final. *Clay v. United States*, 537 U.S. 522, 524 (2003); *see* 28 U.S.C. § 2255(f)(1).

Movant's conviction became final on October 9, 2007 (the date the Supreme Court denied review of his case). Movant concedes that § 2255(f)(1) "would have time barred any petition, in this case, filed after October 9, 2008." Nevertheless, Movant contends that this Court should apply the equitable tolling doctrine to excuse the untimely filing of his § 2255 motion. Equitable tolling is not warranted in this case. Equitable tolling is only appropriate in instances where extraordinary circumstances beyond a Movant's control make it impossible to file a petition on time. The Movant must also demonstrate he or she acted with due diligence in pursuing his or her motion. *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006).

Here, the delay while Movant waited for a former prison inmate to prepare his § 2255 motion was not beyond Movant's control. Movant was the one who chose a non-attorney outside the prison to draft his motion. Movant could have drafted his own motion or sought the help of a legal aide in the prison. By relying on a former inmate to draft his motion, Movant voluntarily took the risk that the motion would not be prepared. *See Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999) (holding that prisoner voluntarily took the risk of a late delivery by choosing an inmate in another prison to draft his § 2255 motion).

The difficulty Movant experienced in receiving from his family his former attorney's case file also did not constitute extraordinary circumstances. The Eighth

3

Circuit has twice held that a Movant's inability to obtain a trial transcript does not justify equitable tolling. *See Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) ("[L]lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling."); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir.2001) (holding that delays in obtaining trial transcript did not extend the limitations period in part because "possession of a transcript a condition precedent to the filing of such proceedings"). Like a trial transcript, Movant's possession of his former attorney's case file was not a prerequisite to filing his § 2255 motion.

Movant next contends that equitable tolling is justified because he reportedly had no way to learn of AEDPA, alleging that his prison law library lacked legal materials written in Spanish. In *Mendoza v. Minnesota*, 100 Fed. Appx. 587, 588 (8th Cir. 2004), the Eighth Circuit rejected a prisoner's nonfluency in English as a sufficient basis to toll an otherwise untimely § 2254 petition, citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied* 538 U.S. 984 (2003). *Cobas* held that lack of proficiency in English does not toll the limitations period if it does not prevent the prisoner from accessing the courts. *Cobas* was cited again in *United States v. Soberanis-Sagrero*, No. 07-2060 (RHK), 2007 WL 2509724, *2-*3 (D. Minn. August 30, 2007), which denied equitable tolling to a prisoner who alleged he could not understand English, that his prison law library was deficient in legal materials written in Spanish, and that he lacked access to Spanish-speaking law library clerks. The *Soberanis-Sagrero* court noted that "[m]any federal prisoners are in the same position as Defendant, yet are able to comply with the one-year filing requirement for a § 2255 motion. [Citation omitted.]"

Movant acknowledges *Soberanis-Sagrero* but contends his circumstances warrant equitable tolling nonetheless. In support, Movant cites *Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006). *Mendoza* held that the "combination of (1) a prison law library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute

4

extraordinary circumstances."  However, satisfaction of *Mendoza*'s second prong requires Movant to show that "he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source."  *Mendoza*, 449 F.3d at 1070.  Although Movant generally claims that he "pursued every possible avenue for information and help" and that he "was diligent in pursuing someone to assist him," these conclusory assertions are insufficient to show that Movant engaged in the diligent efforts required by *Mendoza*. *See Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (noting that conclusory allegations unsupported by specifics are insufficient to overcome the barrier to an evidentiary hearing on a § 2255 motion).  Movant makes no allegation that he exerted any effort to procure legal materials in his own language, nor has Movant alleged that he ever sought translation assistance from anyone.  The most Movant alleges is that he actively sought approval of an authorization form to receive his former attorney's case file.  Since the case file was not necessary for his motion, Movant's efforts in this regard are irrelevant.  Thus, even if *Mendoza* were the law of this circuit, Movant has not alleged facts that satisfy the Ninth Circuit's diligence requirement.  *Cf. Diaz v. Kelly*, 515 F.3d 149, 154 (2nd Cir. 2008) (noting that "the diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency" and holding that prisoners' failure to allege adequate efforts warranted denial of their claims).

Movant also claims that the prison law library contained no books and consisted only of electronic computer-based sources, which he did not know how to operate. Movant cites to *Roy v. Lampert*, 465 F.3d 964, 970-71 (9th Cir. 2006), in which the court granted an evidentiary hearing on the prisoners' claims that their prison law library's lack of legal resources warranted equitable tolling.  As a preliminary matter, this Court does not believe the deficient law library in *Roy*--which was described as containing only three outdated legal books--is even remotely comparable to Movant's law library.  *See* 465 F.3d at 971.  Regardless, a key finding in *Roy* was that the prisoners had been diligent in pursuing their postconviction remedies.  *See* 465 F.3d at 973.  Such a finding

is not supported here. Movant makes no allegation that he attempted to procure print-based legal materials or that he sought computer assistance from anyone able to help him with his research needs. Contrary to Movant's argument, his mere lack of computer skills is insufficient to justify tolling of the limitations period.

Movant next maintains that the law library is only available to him from 6:00 p.m. to 8:00 p.m., Monday through Thursday, and that these circumstances are beyond his control. The court in *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003), held that a rule limiting inmates two 2 hours at a time in the law library and requiring them to sign up in advance did not "'make it impossible to file a petition on time.' [Citation omitted.]" Similarly, the limited access Movant complains of in this case does not constitute extraordinary circumstances excusing his untimely § 2255 motion.

Movant's final argument is not based on the equitable tolling doctrine. Rather, it relies on an alternative start date under § 2255(f)(4), which states that the 1-year period of limitation for § 2255 motions shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." According to Movant, this Court's grant of § 2255 relief to his co-defendant in *Rodela-Aguilar v. United States*, No. 08-0204-CV-W-ODS, 2009 WL 73620 (W.D. Mo. January 8, 2009), constitutes a "fact" supporting his claims for purposes of § 2255(f)(4). The Eighth Circuit rejected an argument similar to Movant's in *E.J.R.E.*, holding that judicial decisions (except predicate convictions used to enhance a prisoner's sentence) are "ruling[s] exclusively within the domain of the courts and [are] incapable of being proved or disproved. [Citation omitted.]" 453 F.3d at 1098. Applying *E.J.R.E.*, this Court's decision in *Rodela-Aguilar* is not a "fact" under § 2255(f)(4) because it is not "'subject to proof or disproof like any other factual issue.'" *See E.J.R.E.*, 453 F.3d at 1098 (quoting *Johnson*, 544 U.S. at 307). Thus, Movant's attempt to establish January 8, 2009, as the date when his 1-year limitation period began to run is not persuasive.

6

*III. CONCLUSION*

Movant's § 2255 motion is untimely.  Movant's request to equitably toll the filing deadline is denied.  The Court grants Respondent's motion to dismiss.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: September 30, 2009                    UNITED STATES DISTRICT COURT

7